IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DEBORAH LAUFER | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
| v. | )   Civil Action No.: 20-2208 (RBW) |
| | ) |
| R B PROPERTIES INC., | ) |
| | ) |
|     Defendant | ) |
| | ) |

**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

# TABLE OF CONTENTS

I.   Introduction ………………………………………………………………………… …….3
II.  Legal Standard ……………………………………………………………………………... 4
     a. Subject Matter Jurisdiction ……………………………………………………………. 4
     b. Failure to State a Cause of Action Upon Which Relief Can Be Granted …........... 5
III. Argument ……………………………………………………………………………………... 5
     a. Plaintiff Has Failed to Establish This Court's Subject-Matter Jurisdiction …….. 5
     b. The Complaint Fails to State a Claim Upon Which Relief Can Be Granted ……10

# TABLE OF AUTHORITIES

**Cases**

Allen v. Wright, 468 U.S. 737, 750 (1984) ...................................................................................3
Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ..............................................................................4, 9
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007) ..............................................................4, 10
Equal Rights Ctr. V. Hilton Hotels Corp., 2009 U.S. Dist. LEXIS 126645 (2009) .......................7
Holt v. Am. City Diner, Inc., 2007 U.S. Dist. LEXIS 35284, *12 (D.D.C. 2007).....................3, 6
Jin v. Ministry of State Sec., 475 F. Supp. 2d 54, 60 (D.D.C. 2007)............................................3
Jones v. Horne, 634 F.3d 588, 595 (D.C. Cir. 2011) ....................................................................4
Larsen v. U.S. Navy, 486 F.Supp. 2d 11, 18 (D.D.C. 2012).........................................................3
Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)........................................................4, 6
Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012) .................................4
Umude v. Am. Sec. Programs, Inc., 107 F. Supp. 3d 52, 54 (D.D.C. 2015) ...............................4
Urban Health Care Coalition v. Sebelius, 853 F.Supp. 2d 101, 104 (D. D.C. 2012) ..................3
Ware v. Hyatt, 2014 U.S. Dist. LEXIS 203101, *12 (2013).........................................................9

**Statutes**

28 C.F.R. § 36.302(e)(1) ........................................................................................................2, 10
28 C.F.R. § 36.302(e)(1)(i) ........................................................................................................11
28 C.F.R. §36.302(e)(ii) ............................................................................................................11
28 C.F.R. §36.302(e)(iii) ...........................................................................................................11
28 C.F.R. §36.302(e)(iv) ...........................................................................................................11
28 C.F.R. §36.302(e)(v) ............................................................................................................11
28 C.F.R. ¶ 36.302 *et. seq.*........................................................................................................6

**Rules**

Fed. R. Civ. P. 12(b)(6)................................................................................................................4
Fed. R. Civ. P. 8(a)(2) ..............................................................................................................4, 9
Rule 12(b)(1) ...............................................................................................................................3
Rule 12(b)(6) ...............................................................................................................................4

COMES NOW, Defendant, R B Properties Inc., by counsel, by counsel, and in and for its Memorandum of Points and Authorities in Support of its Motion to Dismiss, filed pursuant to Fed. R. Civ. P 12(b) states as follows:

I.      Introduction

This action arises from alleged violations of 28 C.F.R. § 36.302(e)(1). Plaintiff, a self-described "tester" of hotel websites has filed many lawsuits in several states alleging identical violations, seeking injunctive relief, and requesting attorney's fees. Essentially, Plaintiff, from her home and without any intent to actually book a hotel room, searches third-party websites for compliance with 28 C.F.R. § 36.302(e)(1).

Plaintiff, a resident of Florida, explains her methods, in detail, in the Complaint. On the dates identified below, "Plaintiff visited the websites for the purposes of reviewing and assessing the accessible features of at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." ECF-2, ¶ 10. Plaintiff alleges that 28 C.F.R. § 36.302(e) has been violated because on July 17, 19, 20, 21, and 25 of 2020, the websites from *booking.com*, *expedia.com*, *hotels.com*, *priceline.com*, *orbitz.com*, and *agoda.com* "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." ECF-2, ¶ 11. From the allegations set forth in the Complaint, Plaintiff has never been to the Hotel Lombardy, she has never attempted to reserve a room for an actual trip to Washington, D.C., she has no trips to Washington D.C. and the Hotel Lombardy planned, and she has never directly contacted the Hotel Lombardy regarding an accessible room reservation. Additionally, this lawsuit is the first notice provided by Plaintiff to the Hotel Lombardy regarding any alleged deficiencies in its booking or third-party booking sites.

Plaintiff's Complaint must be dismissed because Plaintiff has failed to sufficiently establish this Court's subject-matter jurisdiction over this case, because Plaintiff's allegations do not amount to an injury, in-fact. Additionally, Plaintiff's vague, conclusory, and unsupported allegations do not state a claim for which the requested relief may be granted. Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

II.     Legal Standard

    a. Subject-Matter Jurisdiction

Prior to making any ruling on the merits, "[a] federal court must first determine that it has jurisdiction over a case…" Urban Health Care Coalition v. Sebelius, 853 F.Supp. 2d 101, 104 (D. D.C. 2012). Pursuant to a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction, "the plaintiff bears the burden of establishing that the court has subject matter jurisdiction." See id. at 105 (*citing* Larsen v. U.S. Navy, 486 F.Supp. 2d 11, 18 (D.D.C. 2012)). "Because subject-matter jurisdiction focuses on the court's power to hear the claim… the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim." See id. (*citing* Jin v. Ministry of State Sec., 475 F. Supp. 2d 54, 60 (D.D.C. 2007)).

Specifically, "this Court's judicial power is limited to adjudicating actual 'cases' and 'controversies.'" Holt v. Am. City Diner, Inc., 2007 U.S. Dist. LEXIS 35284, *12 (D.D.C. 2007) (*citing* Allen v. Wright, 468 U.S. 737, 750 (1984)). "[A] showing of standing is an essential and unchanging predicate to any exercise of [a court's] jurisdiction." Urban Health Care Coalition, 853 F.Supp. 2d at 105. "In order to satisfy the constitutional standing requirements, a plaintiff must establish (1) that he or she has suffered an injury in fact, which is the invasion of a legally protected interest which is (a) concrete or hypothetical; (2) that there a causal connection

3

between the injury and the conduct at issue, such that the injury is fairly traceable to the challenged act; and (3) that it is likely as opposed to speculative that the injury will be redressed by a favorable decision." Holt, 2007 U.S. Dist. LEXIS at *14 (*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

    b. Failure to State a Claim Upon Which Relief Can Be Granted

A complaint must "contain 'a short and plain statement of the claim' in order to give the defendant fair notice of the claim and the grounds upon which it rests." Umude v. Am. Sec. Programs, Inc., 107 F. Supp. 3d 52, 54 (D.D.C. 2015) (*quoting* Fed. R. Civ. P. 8(a)(2)). Specifically, "a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). According to Fed. R. Civ. P. 12(b)(6), a motion to dismiss is appropriate when a plaintiff fails "to state a claim upon which relief can be granted."

To survive a Rule 12(b)(6) motion, "the complaint must 'plead[] factual content that allows the court to draw the reasonable inference that the defendant is labile for the misconduct alleged,' and 'must suggest a plausible scenario that shows that the pleader is entitled to relief.'" Patton Boggs LLP v. Chevron Corp., 683 F.3d 397, 403 (D.C. Cir. 2012) *quoting* Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Jones v. Horne, 634 F.3d 588, 595 (D.C. Cir. 2011)). Further, "a court need not accept a plaintiff's *legal* conclusions as true, [], nor must a court presume the veracity of the legal conclusions that are couched as factual allegations." Umude, 107 F. Supp. 3d at 54.

  III. Argument

    a. Plaintiff Has Failed to Establish This Court's Subject-Matter Jurisdiction

Plaintiff does not have standing to bring this action. She is a resident of Florida who, on the dates identified in the Complaint, had no actual intent to travel to Washington, DC, and stay at the Hotel Lombardy. Plaintiff is a self-appointed "tester" who patrols third-party travel sites for purported ADA violations. The Complaint specifically states that on the dates identified, "Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." ECF-2, ¶ 10. The Complaint then lists six purported violations at different third-party booking sites. In support of her claims, Plaintiff states that each site "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." ECF-2, ¶ 10(a)-(f). The Complaint also includes a threat to re-visit the websites and provides insight into her record keeping. ECF-2, ¶ 11. Plaintiff's intent is transparent and clearly stated: from her own home, plaintiff searches third-party booking sites and "maintains a list of all hotels she has sued… entering the dates she did visit and plans to again visit the hotel's online reservations system." See id. Plaintiff never actually attempted to book a room at the Hotel Lombardy for any real trip to Washington, DC. Plaintiff has never been to the Hotel Lombardy. Plaintiff further alleges that the purported violations "infringe her right to travel free of discrimination and deprive her of the information needed to make meaningful choices for travel." She also alleges "frustrations and humiliation," "isolation and segregation," and that she "has suffered and will continue to suffer direct and indirect injury…" ECF-2 ¶¶ 13-14. However, Plaintiff has not suffered an actual and actionable injury that satisfies standing requirements for subject-matter jurisdiction.

This Court does not automatically permit tester standing under the ADA. As set forth above, Plaintiff must allege "(1) that he or she has suffered an injury in fact, which is the

invasion of a legally protected interest which is (a) concrete or hypothetical; (2) that there a causal connection between the injury and the conduct at issue, such that the injury is fairly traceable to the challenged act; and (3) that it is likely as opposed to speculative that the injury will be redressed by a favorable decision." Holt, 2007 U.S. Dist. LEXIS at *14 (*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Specifically, "in an action requesting injunctive or declaratory relief, a demonstration of imminent, future injury is required to demonstrate standing." See id. at *14. Additionally, since plaintiff seeks injunctive relief, plaintiff "must allege a likelihood of future *violations* of [her] rights… not simply future *effects* from past violations." See id. (internal citations omitted). Further, since "injunctions regulation future conduct, a party has standing to seek injunctive relief only if the party alleges, and ultimately proves, a real and immediate – as opposed to merely conjectural or hypothetical – threat of future injury." See id.

In this case, the allegations set forth in the Complaint amount to nothing more than mere conjecture or hypothetical injury. There are no allegations of legitimate, real, and immediate future injury. Plaintiff bears the burden of demonstrating that she has standing to bring this action and her allegations fall short. In the only opinion by this Court specifically, evaluating standing under an alleged violation of 28 C.F.R. ¶ 36.302 *et. seq*., this Court has previously held that "an abstract statement of intent to return to a site where an alleged further injury will occur is not enough to demonstrate 'imminent' future injury required for a plaintiff to have standing to seek injunctive relief…" Holt at *18. The plaintiff in Holt, sued the American City Diner for violations of 28 C.F.R. ¶ 36.302 *et. seq*. Plaintiff, a wheelchair bound individual, who had previously brought 17 other ADA lawsuits, alleged nine violations against the diner from a visit he attempted to make the prior year. Although the plaintiff never actually entered the restaurant,

6

he alleged barriers to access regarding parking, an accessible route to entrance, accessible entrance doors, the bathroom, and accessible dining room seating. Holt at *7. He further alleged that he did not return to the dine, but desires and intends to do so. See id. at *7-9. Additionally, despite his experience, he never communicated, personally, or through counsel, any of his concerns to the diner or anyone associated with it. See id. at 8-9. The Court held that plaintiff failed to establish subject matter-jurisdiction and had no standing to bring the lawsuit. The Court explained that if it held that plaintiff had met his burden of demonstrating standing based on the statements that

> He intend to return to the Restaurant and frequents the 'area' of the Restaurant three time a week, with nothing further, the Court in essence have to conclude that any disabled individual who had visited a restaurant one time and passed through the area with some regularity could properly bring suit against that public accommodation on the basis of such general declarations. The Court finds that such a conclusion would stretch the definition of Article III standing beyond its limits and turn *Lujan* on its face. Holt at * 28.

Unlike the plaintiff in Holt, this Plaintiff has never been to the Hotel Lombardy. She has no actual plans to visit the hotel and, as a resident of Florida, does not frequent the area. Further, there are no allegations that Plaintiff desires to stay at the hotel. Plaintiff's allegations fail to establish standing and do not allege any imminent injury, required for the injunctive relief requested.

This Court also analyzed standing under the ADA in Equal Rights Ctr. V. Hilton Hotels Corp., 2009 U.S. Dist. LEXIS 126645 (2009). Hilton involved three individual plaintiffs. The first plaintiff tried to reserve an accessible ocean-view room at a Hilton hotel in Hilton Head, South Carolina; the second plaintiff tried to use Hilton's online reservation system to book an accessible room at a Hilton hotel in Plymouth Meeting, Pennsylvania, but was given a non-accessible room upon arrival; and the third plaintiff, during his stay at the Capital Hilton in

7

Washington, D.C., discovered that none of the rooms offered roll-in showers. Hilton, 2009 U.S. Dist. LEXIS at *4.  Hilton moved to dismiss for lack of standing. The Court explained that "for standing to sue under Title III of the ADA, a plaintiff must simply allege that she has 'become aware of discriminatory conditions existing at a public accommodation, and is thereby deterred from visiting or patronizing that accommodation." See id. at *7. In regard to the individual plaintiffs, the Court held that the first individual who attempted to reserve a room in Hilton Head, South Carolina, and has a continuing desire to vacation at the ocean-front Hilton Hotel at that location, had sufficiently established his standing. Hilton at 7-8. Additionally, the Court held that the third plaintiff who, while staying at the Hilton in Washington, D.C. realized that no roll-in showers were available, had also established standing for his claims. Hilton at 8-9. However, the second plaintiff, who attempted to book an accessible room at the Hilton in Plymouth Meeting, Pennsylvania for her company's annual meeting, did not sufficiently establish standing. Hilton at 9-10. The Court opined that because she did not allege a desire to stay at that hotel or even that she would be compelled to stay at one, her allegations were "too remote to constitute a 'real and immediate' future violation of her rights." See id.

  The allegations at issue in this case, are similar to the second plaintiff's allegations in Hilton. However, the allegations in this case are even more remote. Unlike the second plaintiff in Hilton, Plaintiff in this case has not alleged any connection to Washington, D.C. or this specific hotel. Plaintiff baldy alleges that she plans "to revisit Defendant's online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e). ECF- 2, ¶11. This statement evinces the fatal flaw in Plaintiff's Complaint. Plaintiff has no intent to visit the Hotel Lombardy, her search of the online booking sites had no connection to any planned trip to Washington, D.C. or the Hotel Lombardy, and Plaintiff has no desire to actually stay at the Hotel

8

Lombardy. Plaintiff's allegations are too remote for any real and immediate violation of her rights. Accordingly, Plaintiff's Complaint must be dismissed for lack of subject-matter jurisdiction.

      b.  <u>The Complaint Fails to State a Claim Upon Which Relief Can Be Granted</u>

As set forth in detail above, Plaintiff's Complaint alleges that while at her home in Florida and without any actual intent to travel to Washington, D.C. or stay at the Hotel Lombardy, while fulfilling her role as a self-appointed "tester" of third-party online booking websites, purportedly checked several third-party sites for accommodations at the Hotel Lombardy. Specifically, Plaintiff alleges, on July 17, 19, 20, 21, and 25 of 2020, the websites from *booking.com*, *expedia.com*, *hotels.com*, *priceline.com*, *orbitz.com*, and *agoda.com* "did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility at the hotel." ECF-2, ¶ 10. Plaintiff has never been to the Hotel Lombardy, she has no desire to stay there, she did not visit the sites for any actual trip, and she has not suffered any actual actionable injury. Further, the alleged violations set forth on the identified third-party websites lack any factual support, are vague, and conclusory.

The Complaint at issue "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." <u>Ware v. Hyatt</u>, 2014 U.S. Dist. LEXIS 203101, *12 (2013) (*citing* <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully…[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' 'that the pleader is entitled to relief.'" <u>See</u> <u>id</u>. (*quoting* <u>Iqbal</u> at 679, quoting Fed. R. Civ. Pro. 8(a)(2))." Specifically, a "pleading must offer more than "labels and conclusions" or a "formulaic recitation

of the elements of a cause of action," See id. (*quoting* Iqbal at 678, *quoting* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Plaintiff's claims rely on the requirements set forth in 28 C.F.R. § 36.302(e)(1), which states

> (1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

Plaintiff's allegations baldly state that on the dates identified, the six third party booking sites, did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessibility. ECF-2 ¶ 11. Plaintiff seeks injunctive relief and attorney's fees. ECF-2 ¶ 19-20. As set forth above, Plaintiff has failed to establish a requisite injury in fact or immediate threat of injury. Additionally, Plaintiff's allegations lack sufficient facts to survive at this stage. Plaintiff's complaint fails to include any facts regarding why she was unable to reserve an accessible room and fails to include any facts regarding what information regarding accessibility was provided on the sites. Further, Plaintiff has not alleged

10

any facts regarding the hotel's policies, practices, and procedures, as required by 28 C.F.R. § 36.302(e)(1)(i). Plaintiff has failed to allege any facts regarding any identification or description of accessible features, required by 28 C.F.R. §36.302(e)(ii). Further, Plaintiff's Complaint does not include any allegations that support an inference that the hotel does not ensure that accessible rooms are held for disabled individuals, required by 28 C.F.R. §36.302(e)(iii). Plaintiff's Complaint does not include any allegations that Plaintiff actually requested an accessible room, pursuant to 28 C.F.R. §36.302(e)(iv). Lastly, Plaintiff's Complaint fails to include any factual allegations that she was not guaranteed an accessible room was held for her use, as set forth under 28 C.F.R. §36.302(e)(v).

Plaintiff's allegations are devoid of any supporting facts. This Court cannot simply accept Plaintiff's allegations as true. As a result of plaintiff's conclusory allegations, this Court cannot reasonably infer that any violation or actionable injury has occurred that would be remedied by injunctive relief. Plaintiff has not suffered any actionable injury. Plaintiff has not been deterred from booking a room at the hotel. Plaintiff vaguely and in conclusory fashion makes the same allegations against all six third party sites. Plaintiff's Complaint falls short of the essential facts required to state a claim for injunctive relief and amounts to mere "labels and conclusions." Accordingly, Plaintiff's Complaint must be dismissed with prejudice.

Wherefore, for the reasons set forth herein and any additional reasons provided at oral argument, Defendant, R B Properties Inc., by counsel, respectfully requests that this Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, 12(b)(6), with prejudice.

                                                        **R B PROPERTIES INC.,**
                                                        By Counsel

       /s/ John D. McGavin
John D. McGavin, DCB 475899
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone: (703) 385-1000
Facsimile: (703) 385-1555
jmcgavin@bmhjlaw.com
*Counsel for R B Properties Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on the 6th day of October, 2020, I caused a true copy of the foregoing to be served by efiling and first class mail, on:

Tristan W. Gillespie
Thomas A. Bacon, P.A.
5150 Cottage Farm Road
Johns Creek, GA 30022
Gillespie.tristan@gmail.com
*Counsel for Deborah Laufer*

                                               /s/ John D. McGavin
                                                John D. McGavin