# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

**DEBORAH LAUFER,**
          **Plaintiff,**

**v.**                                                          **Case No: 20-cv-2208 (RBW)**


**R B PROPERTIES, INC.,**
          **Defendant .**

### PLAINTIFF'S SUR-REPLY IN OPPOSITION TO MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby submits this Sur-Reply in

Opposition To Defendant's Motion To Dismiss, filed at DE 8**.**

**1.      Defendant's Argument That An Affidavit Is Inappropriate Is Misleading**

Defendant argues that Plaintiff's affidavit cannot be considered, and that instead this

Court must confine its analysis to the sufficiency of the pleadings. Indeed, Defendant's remaining

arguments depend entirely on this first issue. As set forth in Plaintiff's earlier briefing, the

pleadings set forth a full and actionable injury-in-fact for informational injury. Defendant is

under a legal obligation to provide plaintiff with certain information about the accessibility at its

hotel and failed to do so. This gives rise to a cognizable injury-in-fact and nothing additional is

required.  Therefore, the pleadings are legally sufficient.

However, Plaintiff also submitted an affidavit explaining her plans to make a trip to

Washington DC and her need to stay in area hotels. Therefore, Defendant's discriminatory online

reservations system causes her ADDITIONAL injury by depriving her of the information she

needs to make a meaningful choice.  This additional injury is superfluous to her cause of action

for online reservations discrimination and unnecessary to her case. Nonetheless, it provides

1

additional explanation.

Defendant's arguments all depend on the disregard of Plaintiff's travel plans. For this reason Defendant disingenuously argues that this Court cannot consider Plaintiff's affidavit. In this regard, Defendant is entirely wrong and deliberately misleading.

Defendant filed its motion under both 12(b)(1) and 12(b)(6). It references 12(b)(1) at p. 3 of its brief. Ample case law holds that the submission of affidavits are entirely appropriate in response to challenges under 12(b)(1).  In a 12(b)(1) motion, the Court may look beyond the pleadings. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Consideration may include affidavits. *Id*., Citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947).

Defendant's brazen misrepresentation of the applicable law is as equally applied to its misconception of the Federal Rules Of Civil Procedure as it is to the substantive law governing Plaintiff's cause of action.

**2.     Defendant Demonstrates A Complete Lack Of Understanding Of *Spokeo* And Its Progeny**

Defendant's reference to *Owner-Operator Indep. Drivers Ass'n v. United States DOT*, 879 F.3d 339 (D.D.C. 2018) misses the mark. As Defendant describes, that case involved publication of the plaintiffs' driving records on a site intended for the benefit of third party employers. This is similar to the Fair Credit Reporting Act at issue in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), which governed the provision of information to third party creditors.  The critical distinction is that these cases involved information required to be provided to third parties rather than the plaintiffs. By contrast, as recognized in *Spokeo* and *Carello*, where the defendant is required to provide information directly to the plaintiff, failure to do so gives rise to injury. In

the case at bar, the Regulation directly mandates that hotels provide accessibility information to

disabled persons on their reservations systems. Failure to comply with this requirement is a

violation of 42 U.S.C. Section 12182(b)(2)(A)(ii), which then constitutes discrimination under

Section 12182(b)(2)(A). Under Section 12188, "any person" subjected to discrimination has a

right to sue.

For example, under *Carello v. Aurora Policemen Credit Union*, 930 F.3d 830, 835 (7th

Cir. 2019), the Seventh Circuit noted:

> A harm is not an informational injury simply because it has something to do with
> information. An informational injury occurs when the defendant refuses to provide the
> plaintiff with information that a law—typically, a sunshine law—entitles him to *obtain*
> *and review for some substantive purpose. See, e.g., Fed.* Election Comm'n v. Akins, 524
> U.S. 11, 21, 24-25 [] (1998) (concluding that voters' inability to obtain information
> subject to disclosure under the Federal Election Campaign Act of 1971 is a sufficiently
> concrete injury); Pub. Citizen v. U.S. Dep't of Justice, 491 U.S. 440, 449 [] (1989)
> (explaining that, to satisfy Article III's injury requirement, advocacy organizations
> requesting information subject to disclosure under the Federal Advisory Committee Act
> need only show "that they sought and were denied" the information); Casillas, 926 F.3d at
> 337-38 ("[Akins and Public Citizen] hold that the denial of information subject to public
> disclosure is one of the intangible harms that Congress has the power to make legally
> cognizable." (emphasis omitted)). In such cases, a plaintiff "need not allege any additional
> harm beyond" his failure to receive information that the law renders subject to disclosure.
> Spokeo, 136 S. Ct. at 1549.

See also *Friends of Animals v. Jewell*, 828 F.3d 989, 994-95 (D.C. Cir. 2016)(discussing

informational injury as involving information a defendant is required to disclose). Reading

*Spokeo*, *Havens Realty*, *Owner-Operator*, *Carello, Jewell*,  and the host of other decisions

previously briefed, Defendant's failure to comply with its legal obligation to provide information

to the plaintiff give rise to informational injury. Nothing more is required.

**3.      Defendant Misconstrues *Havens Realty***

Defendant's rambling analysis of *Havens Realty* misses the mark. Defendant's arguments

are largely about the organizational plaintiff aspects of *Havens Realty* and would have this Court overlook the lengthy analysis *Havens Realty* devoted to the standing of the individual plaintiffs. Indeed, *Havens Realty* was unequivocally about the right to information. In this regard, the *Havens Realty* Court recognized that: "Congress has thus conferred on all "persons" a legal right to truthful information about *available* housing." *Id*., at 373-74. The Court held that two plaintiffs had standing because they received untruthful information and a third plaintiff lacked standing because he did NOT receive untruthful information. *Id*., at 374. In subsequent opinions, the Supreme Court expressly recognized that *Havens Realty* stands for the proposition that it is about the right to receive truthful information and that failure in this regard constitutes injury. In the *Akins* decision, the Supreme Court referenced *Havens Realty* as follows:

> Indeed, this Court has previously held that a plaintiff suffers an "injury in fact" **when the plaintiff fails to obtain information** which must be publically disclosed pursuant to a statute..... See also *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-374[] (1982) (deprivation of information about housing availability constitutes "specific injury" permitting standing).

*Akins*, 524 U.S. at 21 (emphasis added.) This same point was made in *Havens Realty's* own dissenting opinion. 136 S.Ct. At 1555 (Ginsburg, J. Dissenting)(noting that *Havens Realty* identified the right to truthful information). Various circuit courts have cited *Havens Realty* in reaching similar conclusions in recognizing informational injury. See *Ragin v. Harry Maclowe Real Estate* Co., 6 F.3d 898, 904 (2nd Cir. 1993)(black testers had standing to sue over discriminatory advertisement even though they had no intention of renting apartment); *Watts v. Boyd Properties*, 758 F.2d 1482, 1485 (11th Cir. 1985)(noting *Havens Realty's* holding that plaintiff had right against receiving false information); *Bensman v. United States Forest Serv*., 408 F.3d 945, 955-57 (7th Cir. 2005)(surveying cases and statutes where informational injury is

4

recognized and actionable); *Carter v. Welles-Bowen Realty, Inc.* 553 F.3d 979, 989 (6th Cir. 2009)(discussing informational injury); *Wilderness Soc'y v. Rey*, 622 F.3d 1251, 1258-60 (9th Cir. 2010)(discussing informational injury); *Tandy v. City of Wichita*, 380 F.3d 1277, 1290 (10th Cir. 2004)(Title II ADA tester has standing to sue for failure to provide required information); *In re Nickelodeon Consumer Privacy Litig.*, 827 F.3d 262, 273-74 (3rd Cir. 2016)(recognizing intangible harm as including unlawful denial of access to information subject to disclosure).

**4.      Other Cases Cited By Defendant Are Unavailing**

*Price v. City of Ocala*, 375 F.Supp.3d 1264 (M.D.Fla. 2019), cited by Defendant, is unavailing. First, that is not hotel online reservations case and does not involve any governing regulation. In other words, that case did not involve any legal obligation on the defendant's part to provide the plaintiff with information. Thus, this case did not invoke the language of *Spokeo* recognizing such injury with nothing additional required. Second, *Price* relied heavily on *Rendon v. Valleycrest, Prods., Ltd.*, 294 F.3d 1279 (11th Cir. 2002). Reliance on *Rendon* for the proposition that physical nexus is required is misplaced because *Rendon* was strictly limited to the applicability of a different subsection: namely 42 U.S.C. Section 12182(b)(2)(A)(i). At issue in *Rendon* was the applicability of the subsection prohibiting eligibility criteria that "screen out or tend to screen out [disabled persons] **from** fully and equally enjoying any goods, services, facilities...."  (Emphasis added.) This subsection specifically contained a physical nexus requirement that is missing from the subsection that governs online reservations cases - subsection 12182(b)(2)(A)(ii). Therefore, *Rendon*'s reference to a physical nexus requirement was completely appropriate for Subsection 12182(b)(2)(A)(i): BUT NOT 12182(b)(2)(A)(ii) - the subsection that governs reservations systems.

Likewise, Subsection 12182(b)(2)(A)(iii) also has a physical nexus requirement. For example, failure to provide disabled persons with an auxiliary aid (such as screen reader software) is not by itself discriminatory unless that additionally causes exclusion or segregation of goods or services, etc.. There, the operative language is "because of".

When reading the three subsections together (i), (ii) and (iii), it is clear that two have physical nexus requirements ("from" and " because of") while the subsection that governs online reservations systems clearly has no such requirement.

**5.      Defendant's Argument Regarding Tester Standing Is Meritless**

Defendant argues that testers do not have standing, even though three circuit courts have recognized it. *Colo. Cross-Disability Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014), citing *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1333-34 (11th Cir. 2013);  *Civil Rights Educ. & Enforcement Ctr. v. Hosp. Properties Trust*, 867 F.3d 1093, 1101 (9th Cir. 2017)(following *Marod*). In *Harty v. Simon Property Group, L.P.*, 428 Fed. Appx. 69, 71 (2nd Cir. 6/29/2011)(Summary Order), the Second Circuit recognized the ADA plaintiff's tester status as one reason in favor of standing.

It should be noted that the *Marod* opinion, which first recognized tester standing, found that the operative language of the ADA was substantially identical to the operative language by which the *Havens Realty* Court granted tester standing in the context of the Fair Housing Act ("no individual shall" and "any person who is being subjected to discrimination..."). *Havens Realty* was decided several years before Congress enacted the ADA and it is therefore reasonable to conclude that tester standing was therefore intended. Certainly, such would be consistent with Congress' stated purpose of providing a "clear and comprehensive national mandate for the

elimination of discrimination against individuals with disabilities... [and] to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities[.]" 42 U.S.C. Section 12101.

Whether recognizing tester standing or not, a court is constrained to apply the law as written by Congress (and to give the Regulation controlling weight), without imposition of additional terms that were clearly and conspicuously omitted. For this reason, any requirement of intent or physical nexus cannot be judicially imposed.

**5.    Defendant's Reference To Physical Property Cases Is Misguided**

Defendant argues that this Court should return to *Holt v. Am. City Diner, Inc.*, 2007 U.S. Dist. LEXIS 35284, *12 (D.D.C. 2007), and  *Equal Rights Ctr. V. Hilton Hotels Corp.*, 2009 U.S. Dist. LEXIS 126645 (2009).  However, these are cases involved a plaintiff's encounter with discrimination only when he or she visited the property. In those cases, the locus of the injury is at the property. Discrimination is only encountered AT the physical properties. By contrast, in the case of online reservation discrimination, the locus of the injury is in the plaintiff's own home. That is where the Plaintiff encountered discrimination and that is where she will encounter it again.

6.      **Conclusion**

For the foregoing reasons, Defendant's Motion is without merit and should be denied.

Respectfully submitted,

For the Plaintiff, Deborah Laufer

*/s/ Tristan W. Gillespie*
Tristan W. Gillespie, Esq.
THOMAS B. BACON, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com

CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of November, 2020, a copy of the foregoing Memorandum in Opposition to the Motion to Dismiss was filed electronically and served on all counsel of record via the Court's CM/ECF system.