IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DEBORAH LAUFER | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No.: 20-2208 (RBW) |
| | ) | |
| R B PROPERTIES INC., | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

## **NOTICE OF SUPPLEMENTAL AUTHORITY**

COMES NOW Defendant, R B Properties, by counsel, and respectfully submits this Notice Supplemental Authority to inform the Court of the recent decisions of the United States District Court for the District of Maryland in *Laufer v. Bre*, 2020 U.S. Dist. LEXIS 216377 (D. Md. November 19, 2020), attached as Exhibit 1, and *Laufer v. Ft. Meade Hosp., LLC*, 2020 U.S. Dist. LEXIS 6585955 (D. Md. November 10, 2020), attached as Exhibit 2, in supplement to its Motion to Dismiss, ECF-8, in the above referenced case.

In *Laufer v. Ft. Meade Hospitality, LLC*, Ms. Laufer, the same plaintiff in this case, filed a lawsuit against the defendant, a hotel owner and operator, alleging that she was a "tester" plaintiff who visited online booking services utilized by the defendant "*for the purpose* of reviewing and assessing the accessible features at the Property and [to] ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs." 2020 U.S. Dist. LEXIS 6585955, *3. The complaint alleged that "Laufer learned that the Defendant does not offer online reservation information or options that comply with the ADA's implementing regulations. Laufer intends to revisit the websites in the future to learn whether the Defendant comes into compliance

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

with the regulations." *Id*. The court in *Ft. Meade Hospitality, LLC*, denied the plaintiff's motion for default judgment and dismissed her complaint for lack of subject matter jurisdiction. *Id*. at *5.

Analyzing the allegations made in the plaintiff's complaint, the court noted that:

> nothing in the Complaint makes plausible that Laufer visited the websites to make an actual reservation, or because she intends to rent a room or stay as a guest of the Quality Inn & Suites, now or in the future. Laufer alleges a wide array of dignitary harms arising from her having visited the online reservation system and learning of the Defendant's failure to comply with ADA regulations. She avers, without specifics, that she is suffering 'irreparable harm.'

*Id*. at *4.

In examining whether Ms. Laufer had standing, the court found that the Fourth Circuit's opinion in *Griffin v. Dep't of Labor Fed. Credit Union*, 912 F.3d 649, 653 (4th Cir. 2019) was controlling. *Id*. at *8. In its evaluation of the Fourth Circuit's holding and the allegations made by the plaintiff in that case, the court in *Ft. Meade Hospitality, LLC* observed that:

> the Court made clear that assertions of either 'dignitary' or 'informational harms' based on alleged injuries similar to those pleaded by Laufer, are not sufficiently concrete to render the claim a justiciable case or controversy. The Court reasoned that dignitary or informational harms are sufficient only when the plaintiff demonstrates such harms are comparably relevant to him. Because the plaintiff never pleaded any ability or intention to make use of the information that he sought to obtain through access to the credit union's online services, the claimed harms were not sufficiently concrete to confer standing.

*Id*. at *9 (internal citations omitted). Comparing the facts in *Griffin* to the instant action, the court found that the plaintiff's complaint:

> suffers from similar defects in failing to aver facts sufficient for Laufer to establish standing. As in *Griffin*, Laufer complains that the reservation websites' non-compliance with the ADA does not allow her to access the information pertinent to making a reservation for a room that accommodates her disability. But Laufer pleads *nothing* about her intent or ability to access these very hotel services in person. She does not present any facts to make plausible that she would or could stay at the hotel or even travel to Maryland. In fact, the Complaint makes plausible the opposite – that her role as a "tester" who routinely monitors online reservation

2

websites for ADA compliance renders it more probable she will not stay at any of the scores of hotels she is searching on the internet.

*Id.* at *10.

In *Laufer v. Bre*, a case involving Ms. Laufer in her same "tester" plaintiff role as this case and *Laufer v. Ft. Meade Hospitality, LLC*, the court notes that the plaintiff's complaint states that she "visited websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain [sic] whether they meet the requirements of 28 CFR Section 36.302(3) and her accessibility needs." *Id.* In *Bre*, the plaintiff also "maintains a list of 'every hotel she sues' and revisits their online reservations systems before and after her complaints are filed, to see whether the systems have become compliant." *Id.* at *3. In *Bre*, the court noted that to establish standing, the complaint needed to include "allegations to plausibly establish (1) that Laufer 'suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical'; (2) that her injury is 'fairly traceable to the challenged action of the defendant'; and (3) that her injury is capable of 'redress by favorable decision.'" *Id.* at *4-5 (quoting *Bishop v. Bartlett*, 575 F.3d 419, 423 (4th Cir. 2009)).

The *Bre* court held that the Ms. Laufer lacked standing to sue, noting:

> [a]ny person with a disability could claim abstract stigmatic injury from a non-accessible reservation website, whether the person had any intent to use the website for its intended purpose of not…. It is Laufer's own allegations, though, that make clear that she is simply vindicating her value interests as a concerned bystander by performing wide-ranging internet searches of lodging reservations systems in order to sue "scores" of hotels she believes to be in violation of the ADA's requirements. In other words, she attempts to expand the jurisdiction of the federal courts in exactly the way *Allen* proscribed.

*Id.* at *8

The court found that the complaint was defective because she failed to plead individual or particularized injury, stating:

3

> Laufer's Complaint is defective because she too has failed to plead individual or particularized injury. Like Griffin, she asserts that the reservation websites do not comport with the ADA's requirements, causing her informational injury because she is unable to assess the suitability of the facility and to reserve a room that adequately accommodates her disability. Her Complaint, however, contains no facts suggesting that she harbored any present intent to stay at ESA or even set foot in Maryland. Instead, the Complaint clearly and simply alleges that she maintains a list of properties she has sued and continues to monitor their compliance by re-visiting their reservation websites.

*Id.* at 9. The Court then found that while it need not consider the plaintiff's sworn statement when examining the merits of the parties' arguments regarding the defendant's motion to dismiss, it noted that:

> Because Plaintiff is a Florida resident with no apparent history of travel to Maryland, the assertion that she is planning to embark on a comprehensive tour of the entire state as soon as the global pandemic ends is somewhat farfetched. Further analysis is unnecessary because her asserted travel plans are not contained her the [sic] Complaint."

*Id.* at *11.

The allegations raised in the Complaint at issue in this case are substantially similar and essentially identical to the allegations made by the Ms. Laufer in both of the cases cited above. In its Motion to Dismiss in this case, the Defendant alleges that the Plaintiff lacks standing to pursue her claims against it in this Court. Specifically, the Defendant alleges that the Plaintiff has not suffered any injury in fact and that his Complaint fails to establish a risk of immediate future harm, making similar arguments to those made by the court in the cases discussed above. *Laufer v. Bre* and *Laufer v. Ft. Meade Hosp., LLC* accordingly provide additional authority in support of R B Properties, Inc.'s motion to dismiss.

                                               **R B PROPERTIES INC.,**
                                               By Counsel

**BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.**
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

/s/ John D. McGavin
John D. McGavin, DCB 475899
BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
9990 Fairfax Boulevard, Suite 400
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
jmcgavin@bmhjlaw.com
*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 20th day of November, 2020, I caused a true copy of the foregoing to be served by efiling and first class mail, on:

Tristan W. Gillespie
Thomas A. Bacon, P.A.
5150 Cottage Farm Road
Johns Creek, GA 30022
Gillespie.tristan@gmail.com
*Counsel for Plaintiff*

/s/ John D. McGavin
John D. McGavin

BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C.
9990 FAIRFAX BOULEVARD • SUITE 400 • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555