UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

DEBORAH LAUFER, Individually, :
2047 Essex Dr :
Holiday, FL 34691 :
 :
  Plaintiffs, : Case No. 20-2208
 :
v. :
 :
R B PROPERTIES INC, :
A Washington, DC Corporation, :
dba Hotel Lombardy Washington DC :
2019 Pennsylvania Avenue NW :
Washington, DC 20006 :

  Defendant.
_____/

## SUPPLEMENTAL COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, DEBORAH LAUFER, hereby files this Supplemental Complaint against the Defendant, R B PROPERTIES INC, A Washington, DC Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff  is a resident of Pasco County, Florida, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking

spaces located closet to the entrances of a facility. The handicap and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2.     According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as Hotel Lombardy Washington DC, located at 2019 Pennsylvania Avenue NW, Washington, DC 20006 (hereinafter "Property").

3.          Venue is properly located in the DISTRICT OF COLUMBIA  because the subject

hotel is located in this District.

4.          Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title

III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28

U.S.C. § 2201 and § 2202.

5.          As the owner of the subject place of lodging, Defendant is required to comply  with

the ADA.  As such, Defendant is required to ensure that it's place of lodging is in

compliance with the standards applicable to places of public accommodation, as set

forth in the regulations promulgated by the Department Of Justice. Said regulations

are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act

Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated

by reference into the ADA.  These regulations impose requirements pertaining to

places of public accommodation, including places of lodging, to ensure that they are

accessible to disabled individuals.

6.          42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against

on the basis of disability in the full and equal enjoyment of the goods, services,

facilities, privileges, advantages, or accommodations of any place of public

accommodation by any person who owns, leases (or leases to), or operates a place of

public accommodation."

7.        More specifically, 28 C.F.R. Section 36.302(e)(1), (the "Regulation"), promulgated

by the Department of Justice pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii),

imposes the following requirement:

> **Reservations made by places of lodging**. A public accommodation that owns,
> leases (or leases to), or operates a place of lodging shall, with respect to
> reservations made by any means, including by telephone, in-person, or through a
> third party -
>> (i) Modify its policies, practices, or procedures to ensure that individuals
>> with disabilities can make reservations for accessible guest rooms during
>> the same hours and in the same manner as individuals who do not need
>> accessible rooms;
>> (ii) Identify and describe accessible features in the hotels and guest rooms
>> offered through its reservations service in enough detail to reasonably
>> permit individuals with disabilities to assess independently whether a
>> given hotel or guest room meets his or her accessibility needs;
>> (iii) Ensure that accessible guest rooms are held for use by individuals
>> with disabilities until all other guest rooms of that type have been rented
>> and the accessible room requested is the only remaining room of that type;
>> (iv) Reserve, upon request, accessible guest rooms or specific types of
>> guest rooms and ensure that the guest rooms requested are blocked and
>> removed from all reservations systems; and
>> (v) Guarantee that the specific accessible guest room reserved through its
>> reservations service is held for the reserving customer, regardless of
>> whether a specific room is held in response to reservations made by others.

8.        These regulations became effective March 15, 2012.

9.        Defendant, either itself or by and through a third party, implemented, operates,

controls and or maintains an online reservations system ("ORS" or "websites") for

the Property. Prior to the filing of this lawsuit, these websites included sites on the

following platforms: booking.com, priceline.com, agoda.com, hotels.com,

expedia.com, and orbitz.com.  This term also includes all other websites owned

and operated by Defendant or by third parties to book or reserve guest

accommodations at the hotel. The purpose of these websites is so that members of

the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property.  As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

10.     Prior to the commencement of this lawsuit, on July 17, 19, 20, 21 and 25 of 2020, Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they met the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs.  At that time, Plaintiff planned to travel to various states around the country, including Washington, D.C. as soon as the Covid crisis abated to allow for safer travel. She reviewed Defendant's ORS for the added purpose of ascertaining whether or not she would be able to stay at the hotel during her trip.   However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the following violations were found:

a.     The website for the hotel located at booking.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

b.   The website for the hotel located at expedia.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

c.   The website for the hotel located at hotels.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

d.   The website for the hotel located at priceline.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

e.   The website for the hotel located at orbitz.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

f.   The website for the hotel located at agoda.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

11.   As of the time she filed this action, Plaintiff intended to revisit Defendant's websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property for the trip she had planned.

12.     Since before she filed this action, Plaintiff maintains a list of all hotels she has sued with several columns following each. She continually updates this list by, among other things, entering the dates she did visit and plans to again visit the hotel's online reservations system.  With respect to each hotel, she visits the online reservations system multiple times prior to the complaint being filed, then visits again shortly after the complaint is filed. Once a judgment is obtained or settlement agreement reached, she records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives.

13.     Subsequent to the filing of this Action, during the month of June, 2021, Plaintiff again reviewed Defendant's ORS and found that it still did not comply with the Regulation: namely that it did not identify or allow for booking of accessible rooms in the same manner as other rooms and contained insufficient information as to whether any features at the hotel are accessible. She performed this task for the purpose of planning her trip and ascertaining where on her trip she would be able to book an accessible room at an accessible hotel. During July, 2021, Plaintiff traveled by car  all through Georgia, via Texas to Colorado, then to Maine through Illinois, Wisconsin, Ohio, New York and Pennsylvania, then through such states as Massachusetts, Connecticut, Rhode Island, New Jersey, Maryland and Washington D.C., back to Florida.  This included the area of Defendant's hotel. However, because Defendant's hotel (and so many other hotels) failed to provide the information required by the Regulation, Plaintiff was deprived of the information she needed to make a meaningful choice in finding places in which to

stay during her trip. She therefore experienced frustration, increased difficulty, stigmatic injury and dignitary harm because it was difficult to find hotels in which to stay, severely limited her options, and deprived her of full and equal access to the same goods and services enjoyed by non-disabled individuals in violation of 42 U.S.C. Sections 12182(a) and subsection (b)(2)(A)(ii).

14.    More specifically, Defendant's ORS operated through booking.com, expedia, Reservations.com, orbitz, hotels.com and travelocity continue to fail to identify or allow for booking of any accessible guest room and still provide insufficient information regarding accessibility at the hotel.

15.    Plaintiff intends that, in December, 2022, she will again drive from Florida to such states as New York, Maine, etc. and will therefore drive through Washington, D.C., and will need hotels along her route to comply with the Regulation so that she can have the information she needs to select a hotel and book a room. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites and travel to the area of Defendant's Hotel as long as those violations exist unless she is willing to suffer additional discrimination.

16.    Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination.

17.    The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make

8

meaningful choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websites unless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public.  By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.  Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

18.    Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

19.    Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to these

9

websites.  Plaintiff has reasonable grounds to believe that she will continue to be

subjected to discrimination in violation of the ADA by the Defendant.

20.     The Defendant has discriminated against the Plaintiff by denying her access to,

and full and equal enjoyment of, the goods, services, facilities, privileges,

advantages and/or accommodations of the subject website.

21.     The Plaintiff and all others similarly situated will continue to suffer such

discrimination, injury and damage without the immediate relief provided by the

ADA  as requested herein.

22.     Defendant has discriminated against the Plaintiff by denying her access to full and

equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in

violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, the

Defendant continues to discriminate against the Plaintiff, and all those similarly

situated by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods,

services, facilities, privileges, advantages or accommodations to individuals with

disabilities; and by failing to take such efforts that may be necessary to ensure that

no individual with a disability is excluded, denied services, segregated or

otherwise treated differently than other individuals because of the absence of

auxiliary aids and services.

23.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make it readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and  28 C.F.R. Section 36.302(e).

b.      Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

Thomas B. Bacon, P.A.
5150 Cottage Farm Rd.
Johns Creek, GA 30022

11

ph. (404) 276-7277
gillespie.tristan@gmail.com
DC Bar ID No. 1030101

By: */s/ Tristan W. Gillespie.*
    Tristan W. Gillespie, Esq.